The Chicago, St. Louis and Pittsburgh Railroad Company *et al. v.* Eisert.

---

## No. 15,835.

## The Chicago, St. Louis and Pittsburgh Railroad Company et al. *v.* Eisert.

STREET.—*Obstruction of.*—*Injunction.*—A private individual may maintain an action because of an obstruction of a public street, where such obstruction peculiarly affects him, although it does not affect the general public.

SAME.—*Injunction.*—*Irreparable Injury.*—If the damages are irreparable, such as affecting the free use of a residence, or an abutting lot, cutting off ingress or egress thereto, and endangering the property, life and health of persons residing thereon, an injunction will be granted to prevent the obstruction.

INJUNCTION.—*Complaint as Evidence.*—A verified complaint, in an action for an injunction, submitted to the court on the trial as evidence in the case, will be treated as any other document put in evidence.

RAILROAD.—*Tracks Laid in Street.*—*Double Tracks.*—*"Line of Railroad."*— A city granted a right of way to a railroad company to lay its track in a street, upon condition that it grade and gravel such street, and make and maintain all necessary culverts and crossings, the grade to be established so as not to materially interfere with the convenience of the public in crossing the track where other streets intersected such street. Another condition was that the "line of the railroad" should "be located so as not to approach the sidewalk-curbstone nearer than fifteen feet." The company also prosecuted proceedings of appropriation, and had the damages sustained by all the adjacent land-owners assessed. The use to be made of the property was in no way limited.

The Chicago, St. Louis and Pittsburgh Railroad Company *et al. v.* Eisert.

*Held*, that the company had a right to lay one or more tracks in the street ; that the words, " line of the railroad," as used in the ordinance, had reference to the outer rail of the track, and so long as there was a clear fifteen feet between such outer rail and the curbstone, and the track was not raised above the established grade of the street, an abutting landowner could not object.

From the Cass Circuit Court.

*N. O. Ross* and *G. E. Ross*, for appellants.

*D. H. Chase* and *M. D. Fansler*, for appellee.

Olds, C. J.—This case was an application by the appellee for a restraining order prohibiting the appellant from constructing a second or additional track on and along Canal street, in the city of Logansport, in front of appellee's property. The court heard the application and granted the temporary injunction.

Appellant moved to modify the order granting the injunction, which was overruled and exceptions reserved.

This appeal is prosecuted and the granting of the injunction and the overruling of the motion to modify the order are assigned as error.

The railroad was originally constructed by the Toledo, Logansport and Burlington Railroad Company. In 1859 the common council of the city of Logansport, by a proper ordinance, granted to said T., L. & B. R. R. Co. the right to construct its railroad along and upon said Canal street, stipulating in the grant that said company should grade and gravel the street, make and maintain necessary culverts and crossings in good and substantial manner, to be gravelled the whole width of said street from gutter to gutter, and the grade to be established so as not to interfere materially with the convenience of the public in crossing said railroad where other streets cross or intersect Canal street. Also, that " between McKeen street and the alley between Fourth and Fifth streets, the line of the railroad shall be located so as not to approach the sidewalk curb-stone nearer than fifteen feet." Said railroad company also prosecuted proceedings of ap-

propriation, and had the damages sustained by adjacent land owners assessed, including the damages to the lot now owned by the appellee. By these proceedings it was sought to appropriate whatever was authorized to be appropriated for such purposes under the statute. The use to be made of the property was in no way limited.

The appellee is the owner of a lot adjacent to and fronting on said Canal street, in the city of Logansport, upon which is situated a frame residence in which she resides. The appellee brings this suit alleging, in her complaint, her ownership of the lot, and that her dwelling-house in which she lives is situated upon it; that the only way of ingress and egress to and from said lot and her residence is by way of and across said Canal street; that the appellant, upon Sunday, August 17, 1890, brought a large number of its employees from other parts of its road to the point in front of appellee's lot and residence and commenced building a second or additional track along and upon said Canal street between the center of the street and the line of her lot, the south rail of said track being within eight feet of the north line of plaintiff's sidewalk; that said appellant placed about one hundred ties in line along said street at a distance of about eighteen inches apart, and placed upon them rails in order to construct a track on which to run its cars and locomotives; that appellant has at least twenty cars loaded with gravel standing upon such temporary track, a portion of them standing in front of appellee's premises ready for the gravel to be unloaded and used in building said track; that the appellant is constructing said track at a height of fifteen inches above the grade on such street; that the construction of such track is without any authority of law and being done without having first had appellee's damages to the lot adjacent to such street assessed and paid; and the construction, of the same as contemplated, and as it is being constructed will totally obstruct said Canal street and deprive the appellee of ingress and egress to and from her said lot and res-

idence by means of wheeled vehicles, endangers her residence, which is of timber, from fire escaping from appellant's locomotives; makes the crossing of the street dangerous to the life and limbs of plaintiff's family and those visiting or having business with her at her residence, and will cause the water to overflow her sidewalk and premises, etc. The complaint is verified.

The application was submitted to the court on the verified complaint, the ordinance of the common council, the record of the appropriation proceedings and an admission that the appellant had succeeded to all the rights of the former company, the T., L. & B. R. R. Co.; also the affidavit of Charles M. Bennett, division superintendent of the appellant, controverting the facts as to the manner of constructing the track.

Upon this evidence the court passed upon the case and granted a temporary restraining order restraining the appellant, its servants and employees, as per the language used in the order, " from placing any further rails or other obstructions on Canal street in the city of Logansport, Indiana, in front of plaintiffs premises, mentioned and described in plaintiff's complaint, and are restrained from unloading gravel or any gravel or earth in front of plaintiff's said premises, or from ballasting the temporary track now in front of plaintiff's premises, or from doing acts to the injury of the plaintiff in front of her said premises, or in any manner improving or adding to the track in front of plaintiff's premises on Canal street, until the further order of the court."

The complaint in this case stated a good cause of action, entitling the appellee to an injunction.

The license was first granted by the city for the use of the street for railroad purposes, and then followed the appropriation proceedings. These two proceedings fixed the rights of the company, and by them the right of the company to the use of the street was limited so as not to allow the line

of the track to be laid within fifteen feet of the curb-stone to the sidewalk along said street, and the tracks to be so laid as not to unnecessarily obstruct the travel upon and use of the street.

The complaint alleges that appellant is proceeding to put down a track within eight feet of the curb-stone, and to raise the grade at least fifteen inches above the established grade of the street.

These allegations show that the appellant is about putting down a track at a place in the street, and to make a change in the grade, which it has no right to do. It charges the appellant with doing and attempting to do an unlawful act, and that the doing of such act, and laying the track at the place and in the manner in which it is being done, will obstruct the street and entirely cut off the appellee's access to her lot by wheeled vehicles, endanger her property by reason of fire escaping from the engines upon the track, and the lives of the members of her family and others visiting her house; that the height of the grade will obstruct the natural flow of the water and turn it upon and overflow her lot; that the only means of ingress and egress to and from her lot is by way of said Canal street.

The complaint, we think, is sufficient to entitle the appellee to an injunction. It shows that the appellee sustains a peculiar damage not suffered by the public in general. Her only means of ingress and egress to and from her lot is through Canal street in front of her lot at the point where the track is being constructed; that the track is in such close proximity to her house as to endanger it by sparks emitted from locomotives; that it will turn the surface water upon and overflow her lot. These are things which peculiarly affect the appellee, but do not affect the general public. In such a case the law is well settled in this State that the individual is entitled to special damages. *Fossion* v. *Landry*, 123 Ind. 136. Where the damages are, as shown to be by the allegations of the complaint in this case, of an irrepara-

ble character, affecting the free use of the residence and home of the party, cutting off ingress and egress, endangering the property and the life and health of the family residing therein, the party is entitled to an injunction prohibiting the doing of the unlawful act affecting the rights of such person.

The complaint being sufficient, and having been submitted to the court for decision on the verified complaint, the affidavit of the superintendent, together with the ordinance of the city council and record of the appropriation proceedings, the verified complaint afforded evidence from which the court may have found the facts entitling the appellee to an injunction.

The appellant moved the court to so modify the order and judgment granting the injunction as to permit the appellant to complete its second track through Canal street in front of the appellee's property, described in her complaint, by so placing such track that the rail thereof on the south side shall not approach the sidewalk in front of appellee's said property nearer than fifteen feet, and that it shall be placed at the grade of said street, and shall be so constructed as not to impede or interfere with the travel on said street unnecessarily. This motion the court overruled, appellant excepted, and the ruling is assigned as error.

As we have stated, the ordinance of the city granting the right to use the street for railroad purposes, and the record of the appropriation proceedings, were in evidence. The city ordinance and the appropriation gave to the railroad company full authority to use so much of the street as was granted to them to be occupied for railroad purposes for the use of the company. Upon such portion, if the business of the road required it, the company had a right to construct one or more additional tracks if there was sufficient room to do so. The city ordinance did not limit its right to the construction of but one track, and the damages assessed

under the appropriation proceedings covered all damages growing out of the necessary and legitimate use of such portion of such street for railroad purposes, whether it was occupied by one or more tracks.    *White* v. *Chicago, etc., R. R. Co.*, 122 Ind. 317.

The appellee had no right to a restraining order preventing the construction of a second track in accordance with the right granted by the city ordinance, but it is contended by counsel for appellee that appellants were not entitled to have the order modified as asked, for the reason that appellants moved to have it so modified as to allow it to construct its track so that the south rail of the track should not approach within fifteen feet of the curb-stone of the sidewalk; whereas, by the city ordinance, it is provided that the " *line* of the railroad " should not approach nearer than fifteen feet of the curb-stone, and that by the " line of the railroad " is meant the extreme limit, including the ties and grade; that the dirt and embankment on which the ties rest constitute a part of the railroad, and that by the ordinance the extreme outside of the road can not approach nearer than fifteen feet of the curb-stone.

We can not agree with this construction.  Such interpretation must be given to the words " line of the railroad " as will fairly express the intention of the common council passing the ordinance.  The word " line," as applicable to the line of a public highway, or running stream, is usually construed to mean the center or thread of the stream or highway, but it is evident that such a meaning was not intended in this case.  To place such a construction on the language and hold that it meant the center of that portion occupied by the railroad company would give the company the right to locate its tracks up to the curb-stone, and the same distance in the opposite direction.  Nor do we think it was intended that it should apply to the extreme outer edge, as in some places the grade or the bed of the road would be much wider; indeed, if there was any great amount of grad-

ing, cutting and filling required along the street, the extreme outer edges of any considerable grade would extend beyond the limits thus allowed, without a wall or any precipitous embankment.

The ordinance requires the railroad company to grade and gravel the street the entire width from sidewalk to sidewalk, or from gutter to gutter; and this being done the only portion of the track necessarily or properly rising above the surface of the grade is the rails, and they constitute the track or railroad in one sense. In a broader sense a railroad includes all the land, works, buildings and machinery required for the support and use of the road or way with its rails. See Worcester's definition of railroad.

We think the words " line of the railroad," as used in the ordinance, has reference to the tracks, the rails upon which the cars run; that the line of tracks, or line of rails, should not approach nearer than fifteen feet of the curb-stone; that the ordinance granted permission to use the center of the street for railroad purposes, for the purposes of laying the tracks, and that it confined the right of the company to the use of the street by fixing the outside limit to which it had the right to lay the rails of its tracks, designating that the line of rails should not approach nearer than fifteen feet of the curb-stone, thereby preserving for the use of the public fifteen feet on each side of the tracks in addition to the sidewalk. This gives to the words a reasonable construction, and one that is fair to the railroad company, the adjacent property-owner and the general public. The conclusion rendered in regard to the construction to be given to the ordinance and the rights of the parties, as hereinbefore stated, leads to a reversal of the judgment for the error of the court in overruling appellant's motion to modify the order granting the injunction. The order should have been modified as asked for by the appellant.

Judgment reversed, at costs of appellee, with instructions to the circuit court to sustain appellant's motion to modify

the judgment, and for further proceedings in accordance with this opinion.

Filed Feb. 4, 1891.