(17 App. Div. 448.)

PEOPLE ex rel. ZIEGLER v. COLLIS.

(Supreme Court, Appellate Division, First Department. May 7, 1897.)

1. MUNICIPAL CORPORATIONS—VAULTS UNDER SIDEWALK—PRESUMPTION OF LEGALITY.

There is a presumption that the consent of the city authorities had been obtained, and the proper fees paid, for the construction of a vault under a sidewalk, where the vault had been in existence for 20 years, during all of which time the city authorities could authorize construction of vaults under sidewalks.

2. SAME—VAULT UNDER DRIVEWAY.

There is no presumption that a vault under the driveway of a street was lawfully constructed, though it had been in existence for 20 years, where such vaults were prohibited during the whole time of the existence of the vault in question.

3. MANDAMUS—WHEN LIES—CITY OFFICERS.

Mandamus will lie to compel the commissioner of public works of New York City to allow the sidewalk over relator's vault to be removed for the purpose of making necessary repairs in the vault, where the vault had been lawfully constructed, and the commissioner had determined that relator was entitled to a permit on the payment of a certain sum of money, but requiring such payment was unauthorized.

4. SAME—PARTIES—INTEREST IN SUBJECT-MATTER.

A person who is in possession of a vault under a sidewalk, and therefore charged with the duty of keeping it in repair, has a sufficient interest to entitle him to maintain mandamus against the commissioner of public works to permit him to make the repairs, though it does not appear that he has any other right or interest in the premises beyond the right of possession.

Appeal from trial term, New York county.

Application by William Ziegler for a writ of mandamus against Charles H. T. Collis, as commissioner of public works. From an order granting a peremptory writ, defendant appeals. Affirmed.

The opinion of Mr. Justice ANDREWS at special term is as follows:

This is an application for a peremptory writ of mandamus requiring the commissioner of public works in this city to issue to the relator a permit authorizing him to take up the covering over the vaults in front of his premises Nos. 60, 62, and 64 Liberty street, in the city of New York, and so much of the street as may be over the same, and to bridge the said opening during the progress of the said work, and to replace the said street, and re-cover the said vaults with such covering in such manner as may be in accordance with the law, without the payment of any fees or charges for the building or use of said vaults, or any portion of the same. It appears by the moving papers that the reason why the relator desires to take up the covering over the vaults in

question is that he desires to repair and replace the present roof and pavement over his vaults, and that to do so it is necessary to make a temporary opening in the surface of the street, and to temporarily obstruct the same, and impede the traffic thereon. It also appears by the papers that the relator applied to the commissioner for such permit, and that the commissioner, or his representative, declined to deliver the permit to uncover the vaults, so far as they are under the sidewalk, except upon the payment of two dollars a foot for each superficial foot of the area of the vaults; and that he also wholly declined to give the relator a permit to temporarily obstruct the street over the vaults, so far as they extend under the carriageway, beyond the curb line, upon the ground that he had no legal right or power to do so. With regard to that portion of the vaults which is under the sidewalk, and within the curb line, I have reached the conclusion that the relator was entitled to a permit without the payment of the two dollars per superficial foot; and with regard to the portion of the vaults under the carriageway I have reached the conclusion that the commissioner was justified in wholly refusing such permit. With regard to the portion of the vault which is under the sidewalk, I am of the opinion that this case is controlled by the decision of the court of appeals in the case of Jorgensen v. Squires, 144 N. Y. 280, 39 N. E. 373. That case was an action brought to recover damages for injuries received by the plaintiff through falling down cellar steps which were covered by wooden doors, and led from the sidewalk to the basement of premises situated on Third avenue, in the city of New York. The lessees, occupants, and owners of the property were made parties defendant. At the circuit the plaintiff obtained a verdict in her favor, but upon appeal to the general term the judgment entered upon the verdict was reversed, and upon further appeal to the court of appeals the order of the general term reversing the judgment was affirmed. Andrews, C. J., in the course of his opinion, among other things, said: "The jury found on conflicting evidence that the plaintiff fell into the cellarway in front of the premises on Third avenue, in the city of New York, owned by the corporation defendant, and occupied by the other defendants as lessees. The cellarway was projected into the sidewalk to a distance of five feet from the building line, and the opening was covered with wooden doors. The plaintiff testified that she was standing on those doors, looking into a show window, when they fell, and she fell with them into the opening below, and was bruised, and otherwise injured. The learned trial judge took from the jury the question whether the cellarway was improperly constructed or improperly and carelessly maintained, and charged them that, if the accident happened, the defendants were liable, irrespective of negligence, for any injuries sustained by the plaintiff, on the ground that the cellarway was an unlawful structure, and a public nuisance, it having been constructed in the public street without authority; and he submitted to the jury two questions only: (1) The question whether there was such an occurrence as that claimed by the plaintiff, and (2) the amount of damages. * * * We have arrived at the conclusion that the charge in this respect was erroneous, and this renders it unnecessary to consider the other grounds upon which the order for a new trial is sought to be supported." The learned chief justice then proceeds to consider the matter at length, and to state the reasons which induced the court of appeals to reach the conclusion which it did; and it is stated, in substance, by him, that as it appeared from the evidence that the cellarway covered by the doors projected about five feet into the street, and had so existed for more than twenty years, such a long user, without, as far as appeared, any objection having been made by the city authorities, was presumptive evidence of consent on their part to the construction of the cellarway, and this without regard to the city ordinances. I am not able to distinguish the case at bar from that case, though I should be glad to do so; for, while the question as to whether cellarways in this city, which have existed for over twenty years, are to be presumed to have been constructed with the consent of the city is comparatively unimportant, the question whether vaults which have existed for a like term of years are to be presumed to have been constructed with like consent is one of very great importance, and it will be fortunate for the municipality if, when a case is presented to the court of appeals, to which the city is a party, and upon the argument of which its legal representative can be heard, the court of appeals shall be able to make a dis-

tinction between the presumption in the case of an old cellarway and the case of an old vault. It is shown by the affidavits that the vaults of the relator were in existence in the year 1864, and have continued to exist ever since; and under the decision above cited it must be presumed that the vaults, so far as they are under the sidewalk, were constructed with the consent of the city authorities, and upon the payment of such fees as were required by the ordinances at the time of their construction. • The relator does not seek to enlarge the area of his vaults, but merely to repair them; and as, under such presumption, the vault under the sidewalk is a lawful structure, which he has the right to maintain, and keep in repair, I am of the opinion that this case falls within the decisions, which have been made in several cases, in which it has been held that the commissioner of public works has not the right arbitrarily to refuse a permit to open a street when such opening is necessary to enable a person to exercise his legal rights. I have not been referred to any ordinance which, under these circumstances, authorizes the commissioner to require the payment of two dollars a foot, or any other sum, for the privilege of taking the sidewalk from over the vault, and repairing the same; and I am of the opinion, therefore, that it was the duty of the commissioner, or his representative, to grant the relator such permit without payment of any fees whatever. With regard to the portion of the vaults which is under the carriageway, the case presents an entirely different question. Under the ordinances of the common council it has not been lawful to construct vaults under the carriageway of the street since the year 1849, and therefore the fact that the vault has existed there since the year 1864 cannot, even under the above-cited decision of the court of appeals, create the presumption that it was constructed with the consent of the municipal authorities, for such consent could not lawfully be given at any time since the year 1849. The moving papers do not show that such portion of the vaults was constructed under any written or other authority from the municipality, and, in the absence of a presumption that it was constructed with the consent of the city authorities, as it is an excavation in a public highway, it must be regarded as a public nuisance; and I do not think the commissioner was under any obligation to grant a permit to take up the pavement for the purpose of enabling the relator to repair that part or portion of his vaults. Nothing in the views above stated is to be regarded as an expression by me of an opinion that the common council, or the commissioner of public works acting under an ordinance of the common council, cannot, wholly or in part, revoke what is at most a mere license to the owners of property abutting on public streets to construct vaults under sidewalks, nor as expressing an opinion as to the terms or manner in which such power can be exercised. Those questions do not arise upon this application, and it will be time enough to deal with them when they are properly before the court. An order, to be drawn in accordance with above opinion, will be settled on notice, and will not award costs to either party.

Argued before WILLIAMS, PATTERSON, O'BRIEN, INGRAHAM, and PARKER, JJ.

Francis M. Scott (George L. Sterling, of counsel), for appellant.
John M. Bowers, for respondent.

PARKER, J. The relator made application to the special term for a peremptory writ of mandamus requiring the commissioner of public works to issue to him a permit authorizing the taking up of the covering over the vaults in front of his premises, which included a portion of the carriageway, to bridge such opening during the progress of the work, and, after completion, to re-cover it in the manner provided by law. Application was made to the commissioner of public works in the first instance for a permit to do this work, but it was refused unless the applicant would pay for the permit at the rate of two dollars per superficial foot. This the relator declined to do, claiming that he was entitled, without com-

pensation, to a permit which would enable him to make suitable and necessary repairs. The commissioner of public works, on the other hand, finding no record that a permit to construct or maintain the vaults had ever been paid for, insisted that it was his duty to demand such sum. Out of these divergent views of right and duty grew this controversy. The learned judge at special term held that, as to such portion of the vaults as were under the carriageway, the relator was not entitled to a permit, and denied his application to that extent. But as to so much of the vaults as were under the sidewalk in front of plaintiff's premises, and within the curb line, it was held that the commissioner of public works had no right to exact from him the payment of two dollars per superficial foot, and that, as the permit was withheld for no other reason, a mandamus would lie requiring the commissioner of public works to issue such a permit to the relator, and a peremptory writ was accordingly granted. We approve of the reasons assigned at the special term for the decision rendered, and shall not attempt a restatement of them, but will briefly refer to two or three questions apparently not brought to the attention of the court at special term.

It is urged that the relator has no standing in court, because it has not been made to appear that he has any right or interest in the land where these vaults are situated. The answer is that the relator is in possession of the vaults, and because of such possession it is his duty to keep the roof of the vaults and the sidewalk over them in a proper condition of repair. If a failure to perform that duty should result in an injury to the passer-by, relator would be responsible for the damages sustained. As the vaults were out of repair, and rapidly becoming unsafe, relator proceeded, as he ought to have done, to secure from the commissioner of public works a permit authorizing such obstruction of the street as was needful to make the repairs, and the permit being refused, his possession furnished sufficient foundation for the institution of this proceeding.

Again, it is insisted that there is no proof that either the relator or his predecessors in title ever obtained municipal consent to construct the vaults under the sidewalk, and therefore the commissioner of public works was right in demanding the payment of two dollars per foot. The evidence shows that these vaults have been maintained for a period of over 30 years, and by reason of this lapse of time the law raises the presumption that their construction was with the consent of the public authorities and lawful, Jorgensen v. Squires, 144 N. Y. 280, 39 N. E. 373.

It is contended that the relator is not within the rule which requires that, before a peremptory writ will issue, it must be made to appear that he has a clear, legal right to the thing demanded. The thing demanded in this case is a permit to take up sidewalks and open vaults for the purpose of repairing both. The authority to issue a permit is in such a case given to the department of public works, of which its commissioner is the responsible head. Whether he shall or not grant a permit in a given case, the appellant in-

sists, rests in his discretion; that to a certain extent the commissioner acts judicially; and where the discretion of the commissioner is appealed to by one seeking a privilege, his decision thereon cannot be controlled in a particular direction. This record does not present any occasion for an application of the rules which appellant invokes for our consideration. The relator was in possession of a vault extending underneath the sidewalk. It was out of repair, and to what extent the following quotation will best show: "And, while not absolutely unsafe at the present time for passers-by, it is liable, unless properly repaired or removed, to shortly become so." Because of that fact relator made application for a permit to obstruct the sidewalk,—a permit which is ordinarily granted almost as matter of course, and, as appears from the record, would have been in this case but for the impression of the deputy commissioner of public works that there had probably never been paid any sum of money for the privilege of constructing the vaults, and it was on that ground that he refused the permit. The situation, then, was as follows: The commissioner of public works had determined that the relator was entitled to the permit upon payment of a sum of money which the commissioner deemed right to exact. But it appears that he was without right to exact any sum. That legal question being decided adversely to the commissioner's contention entitled the relator to the permit upon the strength of the commissioner's decision. Whatever of discretion the commissioner had in the premises had been exercised. His decision to grant the permit had been made. He withheld it because he thought the law made it his duty to exact a fee. A mandamus proceeding, therefore, pointed the way for a speedy and effective determination of that legal question; and because it happened to be determined adversely to the commissioner's view it is now urged that by mandamus the court attempted to control the commissioner's discretion. Not so. The commissioner exercised such discretion as he had, and said so; and, the court having decided that the exaction of two dollars per superficial foot was without lawful authority, it necessarily followed that a peremptory writ should issue. If the commissioner desires to contest the right of the relator to maintain or continue the vaults under the street, he can do so in a proper action or proceeding.

The order should be affirmed, with $50 costs and printing disbursements. All concur.