McLaughlin, J.
(dissenting):
I dissent. The vault in question existed without objection, so far as appears, from any one or the city, from 1853 to the time the demand was made for the payment of the money, to recover which this action is brought. This being so, a presumption under the rule laid down in Deshong v. City of New York (176 N. Y. 475) prevailed that it. was originally constructed with the consent of the municipal authorities, and this presumption was not overcome by any proof offered- at the. trial. It is unquestionably true that the right of the public to the use of the streets is absolute and paramount to any other, and a presumption, of consent dr even an. actual consent of the authorities to their use for private jmrposes is always subject and subordinate to the rights of the public whenever required for public purposes. Here the space occupied by the. vault is . not sought to be' taken by the city for public use, nor does- the city object to the use which the plaintiff is making of it. What the city does object to is- that such use shall be made of - it by the plaintiff without his obtaining a permit, but the presumption- is -that he -has already obtained a permit, and that being so, he cannot "legally be *456 required to obtain another. (People ex rel. Ziegler v. Collis, 17 App. Div. 448; Deshong v. City of New York, supra.)
Nor do I think it can be said that the payment made was voluntary. After the old covering had been taken up and while the hew one was being put down, the work was stopped by a policeman, who demanded a permit, and threatened to arrest the workmen if they continued without procuring one, and in this connection it appeared that the commissioner of public works had directed that the police department be requested to prevent such work being done without a permit; and plaintiff sought to show that a formal order had been issued to this effect but, on objection of the defendant, such evidence was excluded. The other evidence,' however, was sufficient to show that the policeman who threatened the arrést was acting under the direction of the commissioner of public works. Indeed, it would seem to be hardly necessary to show that, because the Revised Ordinances of the city of New York (§ 319) forbid the construction of vaults without permits, and the police aré charged with the enforcement of such ordinances.
For the foregoing reasons I think the judgment appealed from should be reversed, with costs, and a new trial ordered.
O’Brien, J., concurred.
Judgment affirmed, with costs.