(97 App. Div. 103.)
PEOPLE ex rel. EASTERN PARKWAY CO. v. KENNEDY, Park Com'r, et al.

(Supreme Court, Appellate Division, Second Department. July 28, 1904.)

1. STREET RAILWAYS — FRANCHISES — PARKWAY—CROSSINGS — PARK COMMIS-
   SIONERS—POWERS.
       Where a street railway, under its franchise, had a vested right to con-
   tinue its line across a parkway, subject to such reasonable rules and reg-
   ulations in respect to the location of its tracks, etc., as should be prescribed
   by the local authorities having charge of such parkway, the commission-
   er of parks had no authority to impose as a condition to a permit to
   cross such parkway that the company's cars should not be run in trains
   operated by steam, electricity, or other power.

2. SAME—STATUTES—CONSTRUCTION.
       Laws 1895, p. 1962, c. 947, giving the New York park department ex-
   clusive power to determine the particular location of any railroad track
   thereafter to be placed upon the Eastern Parkway, and providing that
   no such railroad shall be placed on any park road or avenue without the
   consent of the commissioner of parks, relates only to the determination
   of the location of tracks crossing such parkway, and did not justify the
   park commissioner in imposing conditions on a street railway company
   as to the method by which it should enjoy its franchises, granted by leg-
   islative authority, to operate a railroad across such street.

3. SAME—MANDAMUS.
       Where a park commissioner of the city of Brooklyn refused to grant
   a street railway company a permit to cross a parkway except on condi-
   tions which he had no jurisdiction to impose, he might be compelled to
   issue a proper permit by mandamus.

Appeal from Special Term, Kings County.

Mandamus by the people, on the relation of the Eastern Parkway Company, against Michael J. Kennedy, park commissioner for the borough of Brooklyn, and the Brooklyn Heights Railroad Company. From a judgment in favor of relator, defendant Kennedy appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOOD-WARD, JENKS, and HOOKER, JJ.

James D. Bell (Richard B. Greenwood, on the brief), for appellant.
Albert A. Wray, for relator.

WOODWARD, J. The relator, a corporation, is interested in certain real estate, and it brings the present proceeding for a peremptory writ of mandamus to compel the granting of a permit to the Brooklyn Heights Railroad Company to construct its lines across the Eastern Parkway for the accommodation of the people who have taken up their residences upon the relator's tract. It appears that the latter has an agreement with the Brooklyn Heights Railroad Company to construct this extension of its lines, and that the railroad company is ready and willing to carry out its part of the arrangement if it can get permission to do so, but the commissioner of parks for the borough of Brooklyn refuses to grant such permission, except under conditions, which relate, not to the construction or location of its tracks, but to the method of operating its cars after the tracks are laid. This would obviously result in permitting the commissioner of parks to determine the method of operating the entire line of railroad, for it would be impracticable to operate a different system over this small portion of the track than such as was used upon the entire line. We are clearly of opinion that the appellant has no such power to interfere with the franchise of the Brooklyn Heights Railroad Company. This company, as the successor to the rights and franchises of the Bushwick Railroad Company, granted by the board of aldermen of the city of Brooklyn in December, 1870, has the right to construct and operate its lines over Kingston avenue (formerly Hudson avenue), and it has so constructed and operated its lines as fast as the local authorities have thrown the same open to the public use. Eastern Parkway, which is a parked street or boulevard, was laid out some years after the granting of the franchise to the Bushwick Railroad Company, and in 1895 was placed under the control of the park department of the then city of Brooklyn, and is now under the control of the like department of the city of New York. In 1903 the Brooklyn Heights Railroad Company laid its tracks from St. John's Place to the Eastern Parkway, intending to continue its lines to Malbone street, the old city line, to which its original franchise extended; this being necessary in carrying out its agreement with the relator, which had undertaken the work of grading and preparing Kingston avenue for the purpose of inducing this extension of the lines. When the Eastern Parkway was reached, the railroad company made an application for permission to cross the same, and the permission was granted; but it was coupled with a condition that "no motor cars nor any other cars or conveyances except those used for express, repairs, construction, and conveyance of passengers and material now in ordinary use shall be permitted, and that all cars shall cross the track singly, except where an accident has occurred making it impossible for a car to be conveyed singly; the intent being to forever prohibit the use of trains operated by steam, electricity, or any other power." · The railroad company not unnaturally refused to accept this permit, and the matter was allowed to rest until the present proceeding was instituted. The franchise granted to the Bushwick Railroad Company to construct and operate its lines over Kingston avenue from Fulton street to the city line, coupled with the actual construction and operation of such line as fast as the avenue was opened to public use, vested in that corporation and its suc-

cessors the right to continue its lines across the Eastern Parkway, subject to such reasonable rules and regulations in respect to the location of the tracks, etc., as should be prescribed by the local authorities having charge of such parkway. We fail to find in any statute to which our attention is called any provision authorizing the commissioner of parks to modify the right of the Brooklyn Heights Railroad Company to operate its lines in any manner consistent with its charter and the laws of this state. It is true that under the provisions of chapter 947 of the Laws of 1895 the department of parks is given the "exclusive government, management, and control of all the parks, squares, and public places in the city," including the Eastern Parkway; and the said park department is given full and exclusive power "to determine the particular location of any railroad track which is now or may be hereafter placed upon such road, street or avenue, or upon any road, street or avenue under the control of said department: provided, however, that no such railroad track or tracks shall be placed upon any such road, street or avenue without the consent thereto of the commissioner of parks." But this must be understood to relate to the matter of determining the location of such tracks, and not to the method of enjoying a franchise granted under legislative authority. That construction of a statute should be avoided which will injuriously affect existing rights, and one given which will harmonize its objects with the preservation and enjoyment of all such rights. The Suburban Rapid Transit Co. v. The Mayor, etc., of New York, 128 N. Y. 510, 28 N. E. 525. The Brooklyn Heights Railroad Company having a vested right to construct its lines to the city limits along Kingston avenue, which right antedated the construction of the Eastern Parkway, it must be assumed that the legislation giving control of this parkway to the park department was made subject to the rights which were then in existence, and that it did not confer any authority upon the commissioner of parks to make any restrictions upon the method of operating the street surface railroads which should cross such parkway. The commissioner, as a condition of his consent, could undoubtedly require any reasonable compliance with his suggestions as to the location and construction of the tracks. He might very properly specify the kind of paving which should be laid, and might make suitable regulations in reference to any matters connected with the location or construction of the tracks; but here his discretion ends. He cannot go beyond this, and determine how the corporation shall discharge its duties to the public in the operation of its lines. That is a matter wholly outside of the scope of the office of a commissioner of parks, and, the consent having been given with no limitations which the commissioner was authorized to impose, we are of opinion that the mandamus has been properly granted, and that the order appealed from should be affirmed. See People ex rel. Ziegler v. Collis, 17 App. Div. 448, 454, 45 N. Y. Supp. 282. The order appealed from should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur.