V. L. COOK, Appellant, v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Appellee.

1. **Railroads**: OCCUPATION OF CITY STREETS: DAMAGE TO ABUTTING PROPERTY. Where under authority from a city council a railway company lays its track in one of the streets of the city, the fee-simple title to which is in the public, no cause of action for damages accrues to the owner of abutting property under section 464 of the Code, because of such occupation of the street, unless his property has been actually damaged thereby.

2. ———: ———: ———: MEASURE OF DAMAGES. The measure of damages in such case is the difference between the fair market value of the property immediately before laying the track and the like value immediately thereafter, irrespective of the benefit that may have resulted to the property from the laying down of such track.

3. ———: ———: ———. An instruction that the abutting property-owner in such case is not entitled to recover damages which he or his tenants may have sustained, or will sustain, by reason of any annoyance, inconvenience or loss suffered by them in common with the rest of the public, by reason of the construction and operation of said track, *held*, proper, the jury being also instructed that depreciation in the value of the plaintiff's property on such account would entitle him to recover.

*Appeal from Linn District Court.*—HON. J. D. GIFFEN, Judge.

WEDNESDAY, JUNE 3, 1891.

ACTION to recover damages for laying down and operating a railroad track on Fourth street, in the city of Cedar Rapids. The plaintiff is the owner of a lot which abuts on the street, and opposite to which the railroad track in question was laid. There was a judgment for the defendant upon the verdict of a jury, and the plaintiff appeals.—*Affirmed*.

*Charles A. Clark*, for appellant.

*Mills & Keeler*, for appellee.

ROTHROCK, J.—I. The railroad track of which the plaintiff complains was laid in the street in the year 1883, and said track is the main line of the defendant's railroad running from Marion, through Cedar Rapids, to Kansas City. At the time the road was constructed, and for years before that time, the plaintiff was the owner of a corner lot fronting on First avenue, and extending back one hundred and forty feet along the east side of Fourth street. The last-named street had been for years practically devoted to railroad tracks. It was then the street upon which the Chicago & Northwestern and Burlington, Cedar Rapids & Northern railroads passed through the city. Before the defendant laid down its track there were three main tracks in the street, and in addition a side or spur track opposite and next to the plaintiff's lot. Fourth street is eighty feet wide. The track of the defendant was constructed in the street by virtue of an ordinance of the city authorizing such occupation of the street. In the year 1876 the plaintiff constructed a three-story brick block upon said lot. The front of the block is on First avenue, and it extends along the line of Fourth street the full length of the lot, being one hundred and forty

*1. RAILROADS: occupation of city streets: damage to abutting property.*

feet. The first floor of the building has continuously been used by tenants of the plaintiff as a wholesale grocery. The second floor, and part of the third floor, were for some years used by the Burlington, Cedar Rapids & Northern Railway Company for its general offices. The side of the building along the line of Fourth street is designated in the record as the "Fourth Street front." This is not entirely accurate. It is true that there are two openings in the building on Fourth street. There are two sets of large double doors placed at convenient distances, through which goods are received into the building from drays or cars, and loaded from the building in the same manner; and the entrance to the second story was by means of an outside stairway along the side of the building, and which necessarily encroached upon Fourth street. And there was a platform five feet wide in front of the side doors, which platform extended into the street, and was built and maintained to facilitate the receipt and delivery of goods. When the building was erected there were three lines of railroad laid down and operated in the street. The side or spur track was laid down at the instance of the tenants of the plaintiff, to enable them to have cars placed opposite to said double doors for loading or unloading in or out of the grocery. This was the condition of the street and the building of the plaintiff when the change was made by the construction of the defendant's track of which the plaintiff complains. The street was not of sufficient width to maintain five tracks, and the spur track was removed, and the three other lines were moved over to the west to make room for the defendant's road. It was laid down on practically the same ground as that before occupied by the spur track. It was probably one or two feet further away from the plaintiff's building than the spur track, but it was and is used by the plaintiff's tenants for the same purposes as the spur track was

used. This was about the general condition of the street and the building and lot when this action was commenced. There are many more facts in the record in relation to the *status* of the case which need not be stated. They are not necessary to an understanding of the questions involved in the appeal.

The material questions in the case are few, and, as we regard them, easy of solution. The plaintiff is not the owner of the street. The fee title is in the public, and, under the facts in this case, by the rule announced in *Milburn v. City of Cedar Rapids,* 12 Iowa, 246; *Clinton v. C. R. & M. Ry. Co.,* 24 Iowa, 455; *Slatter v. Des Moines Ry. Co.,* 29 Iowa, 148; and numerous other cases, the plaintiff could not recover damages. Presumably, in view of the fact that the fee title of the streets in nearly all the cities and towns of Iowa is in the public, and that the construction of railroad tracks in streets is in some cases attended with special injury and damage to the owners of lots abutting on such streets, the general assembly of this state, in 1873, enacted a statute providing that cities should have power "to authorize or forbid the location and laying down of tracks for railways and street railways on all streets, alleys and public places; but no railway track can thus be located and laid down until after the injury to property abutting upon the street, alley or public places upon which such railway track is proposed to be located and laid down has been ascertained and compensated for in the manner provided for taking private property for works of internal improvement in chapter 4 of title 10 of the Code of 1873." See Miller's Code, sec. 464.

It is contended by counsel for the appellant that this act removed all limitations upon the right of the abutting owner of property to recover damages for the use of a street by a railroad, and that his right to recover is as broad, complete and perfect as if he owned the

fee of the street to the center, subject only to an ease-ment for a public highway. We do not think that this position is sound. No land in which the owner of abutting property has any interest or ownership not common to the general public is appropriated for the use of the railroad. The provision that the manner of the assessment shall be the same as that provided for taking private property for public use determines no right of the owner of abutting property. It is nothing more than that the right shall be condemned by the same tribunal; that is, in the first instance by a sheriff's jury, with the right to appeal. There is nothing in the statute which gives the plaintiff, as matter of law, the right to recover damages. Before there can be any recovery it must appear that the plaintiff's property has been depreciated in value by the laying down of the railroad track in the street. The burden is on the plaintiff to establish the fact that the property is of less value by reason of the construction and operation of the road. The plaintiff's claim for damages is not based upon the claim that her property has been taken and appropriated by the defendant, but because she is the owner of the property abutting on the street. It has always been understood that, where the abutting owner had a fee to the middle of the adjoining street, the public has the right of passage over it, and to use and improve it so far as necessary for the public convenience. But this is the extent of the right. In such case, any other use of the street is an invasion of a private right, not because the abutting owner has the fee to the adjoining lots or land, but for the reason that he is the owner in fee of the street, subject only to the easement of the public. But, where the fee is in the public, no private right of the abutting owner is invaded by the mere fact that some additional servitude is attached to the land, unless the owner of the adjoining property is actually damaged thereby. The court did

not, therefore, err in omitting to charge the jury that, as matter of law, the plaintiff was entitled to recover. Even if it should be conceded that the plaintiff is entitled to some damages by laying down the railroad track, and operating it in the street, upon mere proof of the ownership of the lot the damages would be merely nominal.   As she had no title in the street, in order to recover substantial damages it was necessary that she should satisfy the jury, by a preponderance of the evidence, that the lot and block were worth less money after the track was laid down than they were before; and if, as matter of law, the plaintiff was entitled to nominal damages, and by the rulings of the court and the instructions to the jury she was deprived of a verdict for a nominal sum, the judgment will not be reversed for that reason.   *Watson v. Van Meter*, 43 Iowa, 79; *Rowley v. Jewett*, 56 Iowa, 497; *Phœnix Ins. Co. v. Findley*, 59 Iowa, 595; *Wire v. Foster*, 62 Iowa, 116; *Watson v. Moeller*, 63 Iowa, 163; *Norman v. Winch*, 65 Iowa, 264.

II.   The court in the fifth paragraph of the charge to the jury instructed them as follows:   "5.   You have

2. —: —: —:
measure of
damages.

then two principal questions of fact to determine from the evidence before you in this case, namely: *First*.   Is the property depreciated in value by the laying down and operation of the railway track in question on Fourth street, along, near and adjacent to said property? *Second*.   In what sum or amount?   If you determine the first of the above questions or propositions in the affirmative under the evidence,—that is, that there is a depreciation of said property as alleged,—then you will next ascertain from the evidence the full amount or sum of such depreciation, and that will be your verdict for the plaintiff.   The measure of plaintiff's damages, if any, would be all the damages she was entitled to at the time of the laying down of the track, or thereafter

entitled to on account thereof, as shown by all the evidence, if any, shown. In other words, the measure of damages or the extent of her recovery would be the difference between the fair market value of the property in question, if any, immediately before laying the track on Fourth street, and then the like value immediately thereafter, as disclosed by the evidence, irrespective of the benefit which may have resulted to the property of plaintiff from the laying down of the said Milwaukee track on said Fourth street. In passing upon this question of values, you may consider the nature and character and use of plaintiff's property immediately before laying the track and thereafter, and any and all inconveniences, if any, that might arise out of the peculiar use of Fourth street by the railway track in question, along, near and adjacent to said property on said street, as shown by the evidence before you."

It is claimed that this instruction is erroneous, because it implies that the plaintiff may not be entitled to any damages. As we have said, the right to recover damages depends on the evidence in the case. By this part of the charge the jury were plainly directed to the very questions of fact which they were required to determine, and the facts and circumstances disclosed in evidence tending to establish damages were plainly and correctly stated. There was no error in this part of the charge of which the plaintiff has any just cause of complaint.

III. The court further instructed the jury as follows: "11. The jury are instructed that they must not allow plaintiff any damages which she may have sustained or will sustain, if any, by reason of any annoyance or inconvenience suffered by her in common with the rest of the public, by reason of the construction and operation of defendant's said railway track upon Fourth street, as shown by the evidence. For all such damages, if

any, plaintiff cannot recover in this action.   Nor could you allow plaintiff for any inconvenience or loss, if any, which the evidence may show has been sustained to the business of the tenants Cook & Frick, by reason of the construction and operation of said railway track, and which has not directly affected the value of plaintiff's own lot in question.   Plaintiff cannot recover in this action for any loss or inconvenience to the business of her tenants alone."

It is claimed that this instruction is grossly erroneous, and that it is plainly contrary to the rule of this court as announced in the case of *McClean v. Chicago, I. & D. Ry. Co.*, 67 Iowa, 570.   In that case defendant asked an instruction to be given to the jury, which is substantially the same as the instruction now under consideration.   The court modified the instruction asked as follows:   "But, if you should find that the occupation of the street by the defendant for right-of-way purposes depreciated the value of plaintiff's property, then the depreciation of the value of the property from this cause would constitute such special or individual damages as to entitle him to recover the same."   The defendant in that case complained of the modification of the instruction as erroneous.   It was held not to be error.   Now, while it is true that in the case at bar the court did not, in the same instruction, state the rule of the above modification, yet in other instructions, and notably in the fifth, above quoted, the jury were plainly directed that the plaintiff was entitled to recover for any depreciation in the value of her property by reason of the laying down and operation of the track in the street.   The court was not required to state all the rules of law pertaining to the rights of the parties in one paragraph of the charge, nor is there any good reason why rules of law should be repeated in the charge to the jury.   There is no repugnance in the different paragraphs of the charge, when construed

together, and the court, in substance, followed the rule of the cited case.

IV.   Taking the whole of the instructions together, we think they were very favorable to the plaintiff. Indeed, they were exceptional in this regard. The plain fact stands out all through the record that the plaintiff's block was built upon the very line of the street, and large doors constructed in the side of the building for the purpose, in part at least, of handling goods, and moving them to and from the cars on an adjacent railroad track. The plaintiff and her tenants procured the spur track to be laid for their convenience in handling goods, and complaint is now made because the spur track was taken up, and another laid down in its place. It ought to require a most convincing state of facts to show that any substantial damages resulted from the change. It is true the court instructed the jury that, if the spur track was laid by the permission of the plaintiff, there was no adverse right to maintain it; and the plaintiff was entitled to recover damages, if any were sustained by the laying and use of the defendant's track, the same as though the spur track had not, prior to that time, been in existence. This instruction was as favorable to the plaintiff, if not more favorable, than she was entitled to, in view of the uses and purposes for which the brick block was designed; and yet, in the face of this and other instructions, in narrowing and limiting the defense to the action the jury found a verdict against the plaintiff, which, adopting the instructions as the law of the case, is fully sustained by the evidence. The evidence abundantly shows that the property of the plaintiff was not depreciated in value in any amount whatever. It is true there is a conflict in the evidence on this question, but it appears without conflict that the rental value of the property was in no way affected by the acts complained of by the plaintiff. There are other questions of minor

consequence presented in argument, which we do not deem it necessary to discuss.

It appears to us, upon a careful examination of the whole record, that there is no error therein prejudicial to the plaintiff. AFFIRMED.