Haus *v.* The Jeffersonville, Madison and Indianapolis R. R. Co. *et al.*

No. 16,872.

Haus *v.* The Jeffersonville, Madison and Indianapolis Railroad Company et al.

Judicial Notice.—*Obstruction of Highway.*—*Double Tracked Railroad on Twenty Foot Alley.*—The court judicially knows that the appropriation of an alley only twenty feet wide to the use of a double-tracked railroad will greatly interfere with, prevent, and obstruct the safe and unobstructed passage of vehicles upon such alley.

Pleading.—*Complaint, Sufficiency of Facts.* — *Theory.* — *Railroad.*— *Damages.*—*Obstruction of Alley.*—Where the theory of a complaint against a railroad company for damages was that the company had negligently and unnecessarily increased the obstruction of an alley by laying its two tracks thereon six feet apart instead of twelve as required by ordinance, and had further and unnecessarily, and negligently obstructed the alley by running cars over such tracks at a greater rate of speed than that provided by the city ordinance, but no facts are stated by which such rate of speed either aggravated or increased the obstruction of the alley, nor that the prohibited rate of speed injured the appellant, and no facts are alleged showing that the difference in space between the tracks did not increase the necessary obstruction of the alley, the complaint did not state facts sufficient to constitute a cause of action.

From the Floyd Circuit Court.

*J. H. Stotsenburg* and *E. B. Stotsenburg*, for appellant.
*S. Stansifer*, for appellees.

McCabe, J.—This was an action by appellant against appellees, to recover damages sustained by him in the obstruction of an alley adjoining his property in the city of New Albany.

A demurrer was sustained to the complaint, on which appellees had judgment. This ruling is the only error assigned.

The substance of the complaint is as follows: That the plaintiff is now, and for twenty years past continuously before the commencement of this suit was, the owner in fee-simple of lot 7 in the original plat of the

city of New Albany, Indiana, the same fronting 50 feet on the east side of Upper Third street, between High and Water streets; that when plaintiff purchased said lot, and for 50 years continuously prior thereto, there was in said city a public alley of the uniform width of 20 feet, extending along the south line of said lot for the whole width thereof, being 120 feet in length; that said alley is one of the public highways of said city, having been laid out, platted and dedicated to the public use in the year 1819, by the owner thereof; that subject to the general easement of the public in said highway, and subject to the particular and limited easement hereinafter stated, the plaintiff is, and ever since has been, the owner of the north half of the alley for 120 feet along his lot.

The particular and limited easement referred to is as follows:

Under and by virtue of an ordinance of said city the first named defendant, prior to the year 1870, constructed a single-track railroad over, along, and upon said highway, on the north side of which plaintiff's real estate abuts, the track encroaching on the north half of said alley. Said single track was laid down over the objection and without the consent of plaintiff and other property-holders along said alley; and afterwards, on the 2d day of May, 1870, said defendant first named induced this plaintiff, in consideration of the payment to him of $294.84, to execute and deliver to it a written release, which reads thus: "In consideration of $294.84 in hand paid by the city of New Albany and the Jeffersonville, Madison and Indianapolis Railroad Company, I, the undersigned, Lewis Haus, the owner in fee-simple of the following described real estate, viz., lot No. 7, plat 73, Upper Third street, do hereby release said city and said railroad company from all claims and demands which I now have or ever had, or which my heirs, executors or

administrators shall have to the date hereof, for damages to my said real estate and appurtenances by the granting of the right of way by said city to said company to construct its railroad by, near, alongside of and over my said real estate and appurtenances.

"Witness my hand and seal, this 20th day of May, 1870.                          LEWIS HAUS."

That said $294.84 was received by this plaintiff, and the said release delivered to and accepted by the said defendant, upon the distinct, mutual understanding and agreement that the said sum so accepted as damages extended only to the 20th day of May, 1870, and no longer; that ever since that date he has had upon said lot a two-story carriage factory, fronting on said Upper Third street and extending along the north side of said lot; that the defendant the Jeffersonville, Madison and Indianapolis Railroad Company, before and ever since said date, has been a railroad coporation, and more than six years before the commencement of this suit, the said defendant leased the said railroad to its codefendant, the Pennsylvania Company a corporation organized under the laws of Pennsylvania, and, when this action was begun, more than six years had elapsed since the said single track was constructed and since said Pennsylvania Company leased said road; that afterwards, on the 6th day of December, 1886, and within six years before the commencement of this suit, the common council of said city passed an ordinance granting to the said Jeffersonville, Madison and Indianapolis Railroad Company the right or privilege to lay down a second main track along said alley, subject, among other restrictions and limitations, viz., that the said second main track should be located and constructed on the south side of the present fixed and existing main track, parallel thereto and twelve feet distant therefrom, and also that the said main or additional track should

be located, constructed and laid down by said defendant in such a manner as not to interfere with the use of said alley by the public, and further, that said track should be so maintained and used, after it was constructed, as not to interfere with the free, safe and unobstructed passage of vehicles upon and over said tracks upon said alley; that the defendants, on the 1st day of January, 1887, and within six years next before the commencement of this action, negligently and unnecessarily obstructed the said alley in the following manner, viz: Although the north half of said alley was, before 1887, taken and used by said defendants, and although they owned real estate south of said alley, instead of obeying the limitations of said ordinance, by putting the additional track twelve feet from the said first track, the said defendants negligently and unnecessarily, and without right, located, constructed and laid down said additional track within six feet of the said first track, so that there has been ever since, and is now, only a space of five feet between the south rail of the first track and the north rail of the second track of the said railroad, and ever since said ordinance was passed the said defendants have kept the said tracks in the same position, so as to completely interfere with and prevent and obstruct the free, safe, and unobstructed passage of vehicles upon and over the said track and upon the said alley.

And ever since the first day of January, 1887, the said defendants have carelessly and negligently used and occupied the said alley as aforesaid in the following manner, viz: That although they were prohibited by the law of said city from running trains of cars within said city and along said alley at a greater rate of speed than five miles an hour, and although they were in like manner prohibited from using the said alley so as to obstruct its use by the plaintiff and the general public, yet they

have, during all hours of the day and night, caused the tracks on the said part of the said alley to be traversed by their own cars (both freight and passenger) and by the cars of other railroad companies drawn by locomotives propelled by steam, at a greater rate of speed than five miles an hour, so that by reason of the said constant and complete obstruction of the said alley in manner and form aforesaid, the plaintiff, on account of the inability of all persons desiring specially to visit or to do business with him to get to his shop, has been entirely deprived of the use of said alley with any kind of vehicle for social or business purposes, to his damage in the sum of $3,000. And by reason of the running of trains of cars of said defendants carelessly and negligently, and in violation of law as above stated, and the destruction of the said alley for alley purposes, the said plaintiff's property has depreciated in value in the sum of $3,000.

Prayer for judgment for $6,000.

From the complaint alone, it is difficult to tell what theory it proceeds upon. But appellant's brief indicates the theory upon which his learned counsel intended to proceed, and that is to recover damages for negligently and unnecessarily obstructing the alley in violation of the terms of the grant of the right of way over and through the alley, and not damages for the appropriation or use, nor for the appropriation of the alley for a second track.

For all such damages as those last mentioned, it is virtually conceded both past and future are covered by the release. *White v. Chicago, etc., R. R. Co.*, 122 Ind. 317; *Porter v. Midland R. W. Co.*, 125 Ind. 476; *Chicago, etc., R. R. Co. v. Eiser*, 127 Ind. 156; *Chicago, etc., R. W. Co. v. Hunter*, 128 Ind. 213.

The particular specifications of injury complained of

are that the second track, instead of being laid down in obedience to the limitations of the ordinance requiring the second track to be put twelve feet from the first one, the appellees are charged with negligently and unnecessarily placing the same within six feet of the first, leaving only a space of five feet between the two tracks, "so as to completely interfere with and prevent and obstruct the free, safe, and unobstructed passage of vehicles upon and over * * said alley."

The court judicially knows that the appropriation of an alley only twenty feet wide to the use of a double-tracked railroad will greatly interfere with, prevent and obstruct the safe and unobstructed passage of vehicles upon such alley. To do all that, the company had acquired a right. If, however, placing the tracks six feet instead of twelve feet apart, as required by the ordinance, did not increase the obstruction of the passage of vehicles on the alley, and did not render such passage more unsafe than if the tracks had been twelve feet apart, then appellant had no cause of complaint. For all that appears in the complaint, such difference in the space between the tracks did not increase the necessary obstruction of the alley a particle. If it did not, then the appellant was not injured thereby at all.

The other ground specified is that appellees have run cars over their tracks at a greater rate of speed than five miles an hour, in violation of an ordinance of said city. No fact is stated by which it appears that such rate of speed either aggravated or increased the obstruction of the alley; nor is any fact stated from which it can be inferred that such prohibited rate of speed injured the appellant. We do not consider the question of the statute of limitations.

We are of opinion that the complaint did not state

facts sufficient to constitute a cause of action, and that the court did not err in sustaining the demurrer thereto.

The judgment is affirmed.

