TOWN OF NEW CASTLE v. THE LAKE ERIE AND WESTERN RAILROAD COMPANY ET AL.

[No. 18,743. Filed June 6, 1900.]

RAILROADS. — *Occupation of Streets.* — *Removal.* — *Municipal Corporations.*—*Pleading.*—In an action by a town to compel a railroad company to remove its tracks from a street, an answer that defendant had used the tracks complained of by leave and license of the town for more than thirty years, and had expended large sums of money in building, maintaining, and equipping the same, with full knowledge and consent of plaintiff, is not bad for failure to justify the use of the tracks for switching, yard, and storage purposes, where the complaint does not show any use of the street for switching, yard, and storage purposes that would necessarily be unlawful, except on the basis that defendant had no right in the street at all. *pp. 18-22.*

SAME.—*Occupation of Streets.*— *Municipal Corporations.*— Section 5153 Burns 1894 relating to the general powers of railroad companies to construct their roads does not authorize such companies to lay their tracks longitudinally upon the streets of a municipality without its consent or over its objection. *pp. 22-25.*

MUNICIPAL CORPORATIONS.— *Railroads.*— *Occupation of Streets.* — Municipal corporations, under their general powers, have authority to grant railroad companies the right to lay their tracks longitudinally upon a street, provided that the use does not destroy or unreasonably impair the street as a highway for the general public. *pp. 22-25.*

RAILROADS.—*Occupation of Streets.*—*Adverse Possession.*—*Presumption.*—*Municipal Corporations.*—The occupation of the streets of a municipality by a railroad company with its tracks for a period of thirty years under such circumstances as to amount to adverse possession raises the presumption of a grant. *pp. 25, 26.*

From the Hancock Circuit Court.  *Affirmed.*

*M. E. Forkner, E. Marsh* and *W. W. Cook,* for appellant.
*J. B. Cockrum, E. H. Bundy, W. A. Brown* and *W. E. Hackedorn,* for appellees.

BAKER, C. J.—Suit by appellant to compel appellees to remove their railroad tracks from a street. The complaint in substance alleges that Locust street as originally platted

Town of New Castle *v.* Lake Erie, etc., R. Co.

was fifty feet wide and ran north and south from the north line of the original plat of the town of New Castle to Broad street, which was the second cross-street south; that Locust street has been continuously, for more than sixty-five years, opened, improved and maintained as a public street of the town; that the appellees and their grantors without right entered upon the street and constructed and maintained and appellees now maintain and operate a permanent side-track in and along the east side of the street from its northern terminus to Broad street; that they without right constructed and now maintain a permanent side-track from the northern terminus of Locust street, crossing the alley entering Locust street at the northern terminus, and running south bearing to the west, along the west side of Locust street to within the limits of the street, a distance of 350 feet; that, by the construction and maintenance of the side-tracks, the northern terminus of the street and the alley entering therein are wholly obstructed; that appellees use the tracks for switching, yard, and storage purposes, standing their cars across the alley and encroaching upon Locust street, limiting its width by the extent of the widths of the side-tracks; that the side-tracks constitute a permanent and unlawful obstruction of Locust street and the intersecting streets and alleys, and are a nuisance to the citizens of the town and the public in general, and by reason thereof the street can not be properly improved and can not be used for the ordinary purposes of a street; that appellees have been duly notified to remove their tracks without the limits of the street but have failed and refused to remove them, and claim the right to maintain their tracks within the limits of the street and to use the same and appropriate the street to their exclusive use, to the injury of all the citizens of the town and the public generally; that to allow their tracks to remain in the street will permanently obstruct the street and the travel thereon and will be a permanent and lasting injury to the general public and the citizens of the town. Answer in

general denial and two affirmative paragraphs. Demurrer to each affirmative answer overruled. Reply in denial. Trial by court. Special finding of facts and conclusions of law. Exceptions reserved to each adverse ruling. The errors assigned are: Overruling appellant's demurrers to the affirmative answers; overruling motion for a new trial; and that the court erred in its conclusions of law stated on the special finding of facts.

The second paragraph of answer avers, "that appellees, for more than thirty years, have used and maintained the side-tracks and switches named in the complaint by leave and license of the town of New Castle and have expended large sums of money in building, maintaining and equipping said side-tracks and switches with full knowledge and consent of the plaintiff and without objection on her part." Appellant claims that this answer does not meet the complaint, because it neither denies nor justifies the use of the tracks "for switching, yard, and storage purposes". The complaint shows that the town demanded that appellees remove their tracks from the street, and that appellees refused because they claimed to have lawful right to maintain their tracks in the street. The complaint does not show any use of the street for switching, yard, and storage purposes that would necessarily be unlawful except on the basis that appellees have no right in the street at all. If appellees had a valid right to use the street, the town's governmental and police powers would not be abated nor diminished. Elliott on Railroads §1082. The complaint, however, is not based on appellees' refusal to obey regulations of the use, but is founded on the claim of appellees' usurpation. Therefore, this paragraph is not a partial answer.

In substance the third paragraph of answer is: That in 1868, appellees' predecessors constructed a side-track, 300 feet in length, along the west side of Locust street from the main line of appellees' railroad, at the northern terminus of Locust street, to Vine street, which was the first

cross-street south; that at the same time appellees' predecessors built another side-track along the east edge of Locust street from the north end of Locust street, where it crosses appellees' main track, south to the north line of Broad street; that in order to build this track they were compelled to and did build a high embankment on and along the east side of Locust street and lay its tracks on the embankment thus built; that the track was laid in 1866 and forms the west bank of a ravine; that they had since that time kept up and maintained the side-tracks at a large expenditure of money without any objection by appellant; that the side-tracks are not now and never have been any impediment or obstruction to the free use of Locust street by the general public; that the side-tracks were built at a great cost and have been maintained and repaired at a large expense each year since; that they are now and always have been necessary to the proper management of appellees' road and its business; that for more than thirty years appellant has stood by with full knowledge of all the facts without any objection.

The court found the existence of Locust street as stated in the complaint; that the street was laid out on the edge of a ravine; that in 1868 appellees' predecessor built a side-track along the east side of Locust street, and within the platted limits thereof, by constructing an embankment from ten to twelve feet high, which was on a level with the street and formed a bed and retaining wall for the street; that this east side-track did not encroach upon the traveled portion of the street and has never interfered with nor diminished the travel upon the street or the means of travel thereon; that in 1868 appellees' predecessor built a depot and platform, upon piling, in the ravine, just east of this east side-track, which has been continuously used as a freight depot since 1869; that about the same time appellees' predecessor constructed its west side-track, but no part thereof is now or ever has been within the limits of Locust street

except forty feet of the east rail at the south end; that all that part of Locust street lying west of the west rail of the east side-track is of the average width of thirty-six feet and is convenient for travel; that the side-tracks were constructed at a cost of $2,000 and the depot $800 and have been maintained at an annual expense of $280; that the side-tracks have been used in the ordinary course of business and in a reasonable and proper manner; that the side-tracks and depot have been regularly listed for taxation for State, county and municipal purposes; that neither the town nor any of its officers has ever made any objection to the side-tracks being so located or to the uses made thereof, but the town and its officers have stood by for more than thirty years, having full knowledge that the companies had expended their money in constructing and maintaining the side-tracks and depot, and exacting municipal taxes thereon. On these facts, the court concluded that the law was with the appellees.

Appellant claims that, under the third paragraph of answer and the finding of facts, appellees have no right to maintain their side-tracks in Locust street. Appellees contend, (1) that the statute for the organization of railroad companies gives them the right to go upon streets without the consent of the municipality, and (2) that, if a grant from the municipality were necessary, appellant is estopped from denying that a grant exists.

The fifth subdivision of §5153 Burns 1894, §3903 R. S. 1881 and Horner 1897, relating to the general powers of railroad companies, reads: "To construct its road upon or across any stream of water, water course, road, highway, railroad or canal, so as not to interfere with the free use of the same, which the route of its road shall *intersect*, in such manner as to afford security for life and property; but the corporation shall restore the stream or water course, road or highway, *thus intersected*, to its former state, or in a sufficient manner not to unnecessarily impair its usefulness

or injure its franchise." The control of streets, as well as of all other public highways, is primarily in the legislature. But the legislature has delegated to municipalities the exclusive control of their streets and alleys. As the legislature gave, so that body may take away or modify the power. There is no doubt of the legislature's authority to grant railroad companies the right to lay their tracks longitudinally upon the streets of a municipality without its consent or over its objection. Dillon's Mun. Corp. §701; Elliott on Railroads §1076; *City of Clinton* v. *Cedar Rapids, etc., R. Co.*, 24 Iowa 455; *Chicago, etc., R. Co.* v. *Town of Newton*, 36 Iowa 299; *Ingram* v. *Chicago, etc., R. Co.*, 38 Iowa 669; *Cook* v. *Chicago, etc., R. Co.*, 83 Iowa 278, 49 N. W. 92; *Borough of Millvale* v. *Evergreen R. Co.*, 131 Pa. St. 1, 18 Atl. 993, 7 L. R. A. 369. The question is, to what extent does the statute above quoted impair the control of a municipality over its own streets. If the words "To construct its road *upon* or across any highway" were not limited by any other parts of the sentence, it might be claimed that railroad companies were given the right to go upon highways longitudinally. But they are limited to going upon or across any highway *that their railroads intersect*, and are commanded to restore to its former state, as nearly as practicable, any highway *thus intersected*. The legislature may well have believed that it was proper and necessary for railroad companies to have the right to cross streets without the consent of the municipality, and at the same time that it was neither proper nor necessary for them to have the power to occupy streets longitudinally. And the sentence as a whole indicates that such was the legislative intent. The word "upon" is not eliminated by this construction, for the legislature, if it chose, might have restricted the right to cross a highway to going under or over it, and not upon it at grade.

"The usual and ordinary powers of municipal corporations to regulate streets and keep them free from obstruc-

tions are not sufficient, it is believed, to empower them to authorize the use thereof for the purpose of constructing and operating thereon a *steam* railway," as these "powers are not to be enlarged by construction, and were not conferred for this purpose." Dillon Mun. Corp. §705. If the question were an open one in this State, it would be well to inquire if Dillon has not enunciated the correct rule. But, by a long line of decisions, it seems to have been thoroughly settled that municipalities in this State, under their general powers, have authority to grant railroad companies the right to lay their tracks longitudinally upon a street, provided that the use does not destroy nor unreasonably impair the street as a highway for the general public. Elliott on Railroads §1089. In *Tate* v. *Ohio, etc., R. Co.,* 7 Ind. 479, it was said: "Nor is it intended to intimate that it is not in the power of the city to authorize the railroad company to lay a track at the grade of Williams street, and thus use it for the passage of their cars, in common with other public and private conveyances. To that extent the municipal authority may be conceded." The court said in *Indianapolis, etc., R. Co.* v. *State,* 37 Ind. 489: "We are of the opinion that the common council of a city have no authority to make contracts for the sale or letting of any public street or any portion thereof. They may, it is true, grant an easement in the street to a railroad company, to use the street in common with the public." From *Burkham* v. *Ohio, etc., R. Co.,* 122 Ind. 344: "We have no doubt that an abutting owner has a proprietary right in the street of which he cannot be deprived without compensation. But it by no means follows from this that a city in granting a right to a railroad company to use a street deprives the abutter of his property. The grant by the municipal corporation transfers no proprietary rights of the abutter, it simply grants the privilege the city has power to grant. In granting such a privilege a city exercises a power delegated to it by the sovereign, and it is not liable for exercising such a power."

The same doctrine is expressly or impliedly recognized in the following cases: *Protzman* v. *Indianapolis, etc., R. Co.*, 9 Ind. 467, 68 Am. Dec. 650; *Indiana, etc., R. Co.* v. *Boden*, 10 Ind. 96; *New Albany, etc., R. Co.* v. *O'Daily*, 12 Ind. 551; *Cox* v. *Louisville, etc., R. Co.*, 48 Ind. 178; *Indianapolis, etc., R. Co.* v. *Smith*, 52 Ind. 428; *Terre Haute, etc., R. Co.* v. *Scott*, 74 Ind. 29; *State* v. *Louisville, etc., R. Co.*, 86 Ind. 114; *Kistner* v. *City of Indianapolis*, 100 Ind. 210; *White* v. *Chicago, etc., R. Co.*, 122 Ind. 317, 7 L. R. A. 257; *Chicago, etc., R. Co.* v. *Eisert*, 127 Ind. 156; *Haus* v. *Jeffersonville, etc., R. Co.*, 138 Ind. 307. These decisions cover a period of more than forty years, and the doctrine has become a rule of property. Nearly every town and city in the State has a railroad running longitudinally along some street. It is too late now to inquire into the justness and validity of the rule.

The finding does not state that appellees' predecessor entered upon Locust street under a grant from the municipality. From this appellant argues that the tracks are now unlawfully in the street, and that the town is not estopped from requiring their removal. It is true that the facts pleaded in the third paragraph of answer and the facts found by the court do not constitute an estoppel by conduct. There was no concealment nor misrepresentation by the town. Nor did the other elements of estoppel by conduct exist. *Abicht* v. *Searls*, 154 Ind. 594. But the question is whether appellant is not estopped by its laches, that is, whether appellees have not acquired a prescriptive right. Appellant says that the construction and maintenance of the tracks in the street, without an express grant from the town, constituted a public nuisance *per se*; and that no right by prescription could be acquired. A particular method of construction or operation may be a nuisance, but the mere fact that a railroad is constructed in a street does not make it a nuisance. *State* v. *Louisville, etc., R. Co.*, 86 Ind. 114. The legislature has given the company the

power to accept and the municipality to grant the right to lay tracks in the street. *City of Valparaiso* v. *Bozarth*, 153 Ind. 536, and the cases therein cited, which hold that a structure built upon a street by a private person is a public nuisance *per se* and that no prescriptive right would accrue from any length of user, are not applicable. The private structure is a nuisance *per se* because the law would not permit the municipality to authorize its erection. Prescription is the presumption of a grant. There can be no presumption of a grant, if the alleged grantor is lacking in legal capacity and if the subject-matter of the grant is unlawful. No length of user would give a railroad company the absolute ownership of a street, for that is not the municipality's to grant. *Indianapolis, etc., R. Co.* v. *Ross*, 47 Ind. 25. But property that a municipality has the power to convey may be acquired from it by prescription. *City of Bedford* v. *Willard*, 133 Ind. 562, 36 Am. St. 563, and note. In *Jorgensen* v. *Squires*, 144 N. Y. 280, 39 N. E. 373, and in *People* v. *Collis*, 45 N. Y. Supp. 282, it was held that, the legislature having authorized municipalities to grant property owners the right to build and maintain certain structures in the streets, the continued use of such a structure for more than twenty years, with the knowledge and acquiescence of the municipality, raised the conclusive presumption of a grant.

If the grant in this case be considered in the nature of a mere license, it has become irrevocable by reason of appellees' expenditures, with the knowledge of appellant. *Buchanan* v. *Logansport, etc., R. Co.*, 71 Ind. 265; *Joseph* v. *Wild*, 146 Ind. 249, and cases there collated.

None of the matters presented in the motion for a new trial is material. The controlling facts in the case are undisputed. Appellees' possession extended over a period of thirty years; it was peaceable; it was continuous; it was open and known to appellant. It was exclusive to the same extent it would have been exclusive under an express grant,

that is, the town by an express grant could not deprive itself of governmental and police powers over the part of the street occupied by the tracks. It was adverse, that is, the use was such as would have exposed appellees, at any time within twenty years, to an action, if in fact they did not have an express grant, and the open dominion of the tracks and the return thereof for taxation were as high evidences of a claim of right as any that would follow possession under an express grant.

Judgment affirmed.