318      APPELLATE COURT OF INDIANA,

City of New Albany v. Kentucky, etc., R. Co.—58 Ind. App. 318.

## CITY OF NEW ALBANY v. THE KENTUCKY AND INDIANA BRIDGE AND RAILROAD COMPANY ET AL.

[No. 8,828.     Filed March 25, 1915.]

1. PLEADING.—*Sufficiency.*—*Initial Attack on Appeal.*—When the sufficiency of a pleading is attacked for the first time on appeal, it will be deemed sufficient if it contain sufficient facts to authorize the rendition of a valid judgment, and in such case an objection to the manner in which the cause of action is pleaded is not available.  p. 323.

2. INJUNCTION.—*Issues.*—*Cross-Complaint.*—In an action by a city to enjoin defendant from widening the tracks maintained by it in the streets of plaintiff city, where the complaint averred the lack of any right on the part of defendant to widen its tracks and denied that it had any right under its franchise to maintain tracks or operate cars on any of the streets, a cross-complaint germane to that issue and praying that plaintiff be enjoined from interfering with the exercise of defendant's right to widen its tracks, was properly filed.  p. 324.

3. STREET RAILROADS.—*Right of Company.*—Where street railroad tracks were laid in the streets of a city and cars operated thereon under a franchise ordinance which in no way restricted the company as to the kind or number of its tracks and did not prescribe any particular gauge of tracks, the company had an undisputed right to widen the gauge of its tracks.  p. 324.

4. ADVERSE POSSESSION.—*Prescriptive Rights.*—*Acquisition.*—*Occupancy of Street by Railroad.*—A railroad company may acquire the right to occupy a street by prescription, but will be confined to the character of use enjoyed during the prescriptive period.  p. 325.

From Floyd Circuit Court; *William C. Utz,* Judge.

Action by the City of New Albany against The Kentucky and Indiana Bridge and Railroad Company and others. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*Charles W. Schindler* and *Alexander Dowling,* for appellant.

*George H. Voigt, George H. Hester* and *Alex P. Humphrey,* for appellees.

IBACH, J.—This was a suit by appellant to enjoin the alteration and widening of an existing street railroad track

in one of its streets. The Kentucky and Indiana Bridge and Railroad Company by its cross action sought to enjoin the city from interfering with, or preventing such alteration of gauge. Judgment was rendered in favor of this appellee on its cross-complaint, and a perpetual injunction granted as prayed. The only question presented for review is whether the cross-complaint states facts sufficient to constitute a cause of action, which is questioned by independent assignment of error, for the first time in this court.

The averments of this cross-complaint are in substance the following: The Kentucky and Indiana Bridge and Railroad Company is a corporation organized and operating under the laws of Kentucky and has complied with the laws of Indiana; the city of New Albany is a municipal corporation organized under the general laws of the State of Indiana for the incorporation of cities; the Kentucky and Indiana Bridge and Railroad Company (which we shall hereafter designate as the bridge company) under the acts of the legislature of Kentucky and the laws of the United States, was authorized and empowered to build and maintain, a bridge for railway, street railway, wagon and all other purposes between the cities of New Albany, Indiana, and Louisville, Kentucky; was authorized to lay down on said bridge a single or double track for railroad cars, street cars, etc., and to charge tolls for the use thereof; was authorized to contract with any railroad company in or out of the state of Kentucky for the use of said bridge; and any railroad, or street railroad company, person or municipal corporation might subscribe for the capital stock of the bridge company, and it might make such contracts as might be deemed expedient for the use, management or control of said bridge.

In 1881 a corporation was formed under the laws of Indiana, for the purpose of constructing and operating a bridge across the Ohio River between the cities of New Albany and Louisville, for railway and common roadway

320     APPELLATE COURT OF INDIANA,

City of New Albany v. Kentucky, etc., R. Co.—58 Ind. App. 318.

purposes, and with a substantial causeway in extension of and connection with said bridge. Shortly after, the two bridge companies consolidated under the laws of Indiana and Kentucky. In 1885 by an ordinance of the city of New Albany, duly passed it was provided that the bridge company "be and it is hereby authorized and empowered to build, construct and maintain approaches, roadways and embankments and trestles on, over and along and across the street, road or highway; (if any exist) immediately north of the Ohio River and opposite the north stone pier of said bridge, along and across Troy Street along and across the alley or highway extending from Market Street in the original plat of the town of Providence to Troy Street, and upon and across upper Vincennes Street—all in said city." In pursuance of said acts of incorporation and consolidation, and of said ordinance the bridge company built sundry tracks in Louisville and built a bridge across the Ohio River and a line of railroad from the north bank of said river across a right of way secured by it and over Troy Street, and along upper Vincennes Street and across a right of way secured by it over Market Street to King Street; that said tracks were built more than twenty years ago; and have been in operation and use by the bridge company and its successors for more than twenty years in an open, notorious and adverse way, continuously—all with the knowledge and consent of the city of New Albany. The property of the bridge company was used for the purpose of transferring railroad trains and cars across the Ohio River, as a wagonway for vehicles on said bridge, and for the transfer and operation of a street railway line from New Albany to Louisville. The property of said bridge company was sold to pay mortgage and mechanics' liens, it being insolvent, under decrees rendered by the United States courts, and the property was purchased by Judson Harmon and Alex. P. Humphreys at that sale. A corporation known as the Kentucky and Indiana Bridge and Railroad Company was organized under

the laws of Kentucky, and all of the property purchased by Harmon and Humphreys was conveyed by them to it in 1900. This new company (cross-complainant, hereafter called complainant) accepted the benefit of the laws of Indiana. Complainant then proceeded and continued to use said bridge and tracks, and continued to operate a line of street railway between New Albany and Louisville, and to use its tracks north of the Ohio River. In October, 1906, complainant entered into a contract with the Louisville and Northern Railway and Lighting Company, by which it was to turn over to said company the operation of the line of electric railway previously operated by the complainant together with the use of its tracks and bridge from New Albany to Twenty-ninth Street in Louisville. The Louisville and Northern Railway and Lighting Company obtained a license from the Louisville Railway Company to operate its cars over the tracks of that company, which were extended from Portland Avenue to the tracks of the complainant. The tracks of complainant are of standard gauge, which is 4 feet, 8½ inches; the tracks of the Louisville Railway Company are of Old Southern standard gauge, which is 5 feet; that is, 3½ inches wider than the gauge of complainant's tracks; that it was therefore necessary to widen the gauge of complainant's tracks in order that the cars of the Louisville and Northern Railway and Lighting Company might run through from New Albany to the terminal station in Louisville, and this was done by the complainant across the bridge and from the south end of the bridge to Thirty-first Street by laying two additional rails and complainant also laid two additional rails from the north end of the bridge to a point within 100 feet of the west line of upper Vincennes Street. Complainant has two tracks in Vincennes Street; to furnish access to the Louisville and Northern Railway and Lighting Company, it was necessary for it, and it proposes, to remove only one rail in the western side of the

two tracks, now in Vincennes Street to broaden the gauge from 4 feet, 8½ inches to 5 feet, which complainant proposes to do to a point on King Street; that it is necessary to do this to enable the Louisville and Northern Railway and Lighting Company to run its cars from New Albany over the bridge to Thirty-first Street, and thence over the rails of the Louisville Railway Company to its station on Third Street in Louisville. On March 1, 1908, cross-complainant prepared to remove this rail 3½ inches so as to complete said connection, and had the material and men ready to perform the work, when they were prevented by the city of New Albany, acting through its police force and fire department, and were driven off the ground. That plaintiff and said defendants threaten to continue such opposition to complainant's work and unless restrained, will prevent complainant from doing said work, and will arrest its men, or deluge them with water, and otherwise prevent complainant building, maintaining and operating its said track. Complainant is now compelled to run its cars of standard gauge from New Albany over the bridge to Thirty-first Street, and then transfer its passengers to other cars of the gauge of the Louisville Railway Company (5 feet); that the point of transfer is on a sharp curve and heavy grade, where trains are constantly passing at high rate of speed, and where passengers are in danger of being run over in passing over several tracks used by steam engines and cars.

Under the contract between complainant and the traction company, complainant is to receive one cent for every passenger going over its tracks; if the traction company were allowed to operate its cars in New Albany through, without transfer, passenger travel would be greatly increased over that which would patronize the cars where such a transfer as above described had to be made. The danger caused by such transfer of passengers may involve complainant in damage suits for injury of passengers, and it may, however

NOVEMBER TERM, 1914. 323

City of New Albany *v.* Kentucky, etc., R. Co.—58 Ind. App. 318.

much caution it uses, injure passengers at such place of transfer. Complainant was notified on January 16, 1908, by a letter from Jacob Best, mayor of New Albany, that under its franchise it had no right to operate street cars or maintain tracks in the city of New Albany, and it would be necessary for it to obtain such rights before enjoying such privileges, and also notified it not to attempt in any way to broaden the gauge of its tracks without entering into a contract with the city. Thereby the city through its mayor is denying the rights of the complainant to use its tracks and broaden the gauge thereof, and it is necessary to broaden the gauge to the extent stated, in order that the traction company may use the tracks and complainant derive revenue therefrom.

No damage whatever would inure to the city from the removal of said rail to the extent described, and the street would be no more obstructed and no more occupied with a track of 5-foot gauge than with a track of 4-foot, $8\frac{1}{2}$-inch gauge, nor would any use of the street by the citizens of the city be in any way impaired or lessened by such change, nor would there be a greater use of the street on the one gauge than the other. Wherefore the complainant asks that its rights be declared in force, to exercise its franchise and its prescriptive rights above declared, and to broaden its gauge, and for an injunction, etc.

When the sufficiency of a pleading is attacked for the first time in this court, all that is necessary to uphold the pleading is that it contains sufficient facts to authorize the

1. court to render a valid judgment, or as the rule is commonly stated, when the sufficiency of a cause of action is called in question by motion in arrest of judgment, or by error assigned in this court, if facts sufficent are alleged to bar another suit for the same cause of action, all other defects are cured by the verdict, and the complaint will be regarded as sufficient to uphold the judgment. Under this

324    APPELLATE COURT OF INDIANA,

City of New Albany v. Kentucky, etc., R. Co.—58 Ind. App. 318.

well-known rule it is too late for the appellant to object to the particular manner in which the cause of action is pleaded. The only objection which may be successfully urged is that the pleading fails to state some fact material to a recovery of any kind.

The complaint on the part of the city averred the lack of any right on the part of appellee not only to widen its tracks, but denied that it had any right under its franchise to maintain tracks or operate cars on any of the streets of appellant city, so that as this was the main issue presented by the complaint, we are fully satisfied that a cross-complaint which was germane to that issue was properly filed in the original suit to prevent interference on the part of appellant. Appellant does not contend that the cross-complaint, if proper to be filed, is insufficient to bar another action for the same cause but insists that the averments do not sufficiently show an undisputed right in appellee to widen its tracks as it was proposing to do.

The purposes of appellee's incorporation are disclosed in the pleading, as well as the rights granted it under the ordinance of the city duly adopted in 1885, and that the original acts performed by appellee in constructing its tracks were done with the knowledge and consent of appellant, and without any objection, and that cars on its tracks have been so operated ever since. So that when all the averments of the cross-complaint are considered together, it sufficiently appears not only that the tracks were constructed on the streets mentioned and the cars operated thereon by virtue of the ordinance, but also that this ordinance does not in any manner restrict appellee as to the kind or number of its tracks, and when properly construed, and as construed by the parties thereto, as shown by their subsequent acts, granted appellee the privilege to maintain railroad tracks in the streets which privilege it is now seeking to enjoy. Since the franchise rights averred did not prescribe any particular gauge of tracks, and did not limit the

NOVEMBER TERM, 1914.        325

City of New Albany *v.* Kentucky, etc., R. Co.—58 Ind. App. 318.

number of tracks, appellee would have a clear and undisputed right to widen the gauge of its tracks. *Chicago, etc., R. Co.* v. *Eisert* (1891), 127 Ind. 156, 26 N. E. 759; *Millvale* v. *Evergreen R. Co.* (1890), 131 Pa. St. 1, 18 Atl. 993, 7 L. R. A. 369; *Grand Trunk, etc., R. Co.* v. *City of South Bend* (1913), 227 U. S. 544, 33 Sup. Ct. 303, 57 L. Ed. 633, 44 L. R. A. (N. S.) 405; 23 Am. and Eng. Ency. Law (2d ed.) 711; 33 Cyc. 238.

The averments also show that appellee is claiming the right to widen its tracks by reason of adverse user for more than twenty years. It is settled that a railroad company may by prescription acquire the right to occupy a street. *Town of Newcastle* v. *Lake Erie, etc., R. Co.* (1900), 155 Ind. 18, 25, 26, 57 N. E. 516; *Joseph* v. *Wild* (1896), 146 Ind. 249, 45 N. E. 467. It has also been held many times that one who enters on land under a color of right is presumed to have entered in accordance therewith, and consequently his actual possession of a portion of the property will, by presumption of law, be extended to the boundaries defined by his color of right. *Lieberman* v. *Clark* (1904), 114 Tenn. 117, 85 S. W. 258, 69 L. R. A. 732; *Bellefontaine Imp. Co.* v. *Niedringhaus* (1899), 181 Ill. 426, 55 N. E. 184, 72 Am. St. 269; 1 Cyc. 1125; 1 R. C. L. 727. Where a railroad company acquires rights by prescription, however, the rule seems to be that the railroad will be confined to the character of use enjoyed during the prescriptive period. Whether the pleading in this case shows that appellee is preparing and intending to extend its rights and privileges beyond those acquired, if it were merely a question of prescription, we are not required to decide, and therefore do not do so.

It is sufficient to say that we are of the opinion that the widening of the track proposed is authorized by the grant given to the cross-complainant and its predecessors, by appellant, and that the judgment enjoining appellant from interfering with its rights and privileges at least impliedly

granted by the ordinance, was wholly authorized by the pleadings.

Judgment affirmed.

Shea, J., not participating.

NOTE.—Reported in 108 N. E. 272. As to rights, duties and obligations of street railways with regard to streets, see 25 Am. St. 475. Acquisition of title to land within right of way of railroad by adverse possession or prescription, see 2 Ann. Cas. 718; 10 Ann. Cas. 1001. Acquisition of title by adverse possession or prescription to land acquired by railroad for railroad purposes, but not within right of way, see 21 Ann. Cas. 163. See, also, under (1) 2 Cyc. 689; (2) 16 Cyc. 324; (3) 36 Cyc. 1400.