## BANKERS TRUST COMPANY *v.* CITY OF RATON AND RATON WATER WORKS COMPANY.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE DISTRICT OF NEW MEXICO.

No. 167. Argued March 16, 17, 1922.—Decided April 10, 1922.

1. Where there were two statutes, an earlier empowering cities to erect water works, if authorized by a majority of the voters, or to grant the right to private individuals for a term not exceeding 25 years, and a later for the incorporation of water companies to supply water to municipalities, with power to occupy the streets subject to regulation by the municipal authorities, and a company entered a municipality under an ordinance, ratified by the citizens, limiting its term to 25 years, *held,* that it was estopped by its contract from claiming a perpetual franchise under the later statute, and that, upon the expiration of the term, the municipality, as against the trustee for the company's bondholders, could require that the pipes, etc., be removed from the streets. P. 334.
2. A bill which sought to enjoin a city from enforcing an ordinance revoking the rights of a water company under a prior ordinance and requiring removal of its plant from the streets, and which prayed also a money recovery for damages to its contract rights and trespass upon its real property, *held* not multifarious. P. 337.
3. In a suit in the District Court by a trustee for the bondholders of a corporation to protect the corporate property, in their interest, against destruction by a third party, the corporation properly may be joined as a defendant. P. 337.

Affirmed.

APPEAL from a decree of the District Court dismissing, for want of equity, the appellant's amended bill, in a suit brought by it, as trustee for bondholders of the appellee Water Company, to restrain the other appellee, the City of Raton, from revoking the company's rights in the city and ousting it from the streets, and to recover damages.

*Mr. Alva B. Adams,* with whom *Mr. Robert S. Gast* was on the brief, for appellant.

The Raton Water Works Company was incorporated under an Act of the Territory of New Mexico, passed February 24, 1887, c. 12, Laws 1887.

By virtue of incorporation under that act and the provision of the articles of incorporation declaring that the company was formed for the purpose of supplying water to the Town of Raton and the inhabitants thereof, the company became vested with the right to lay its mains and pipes in any of the streets or alleys of Raton. This right is unlimited in time but is subject to such regulations as may be provided by the corporate authorities of the town.

Even if the Act of April 1, 1884, granting cities power to grant franchises, had been subsequent to that of 1887, the original statutory grant would not have been impaired. It is not material whether these acts conflict, as in case of conflict the 1884 statute must yield; but an examination will show but slight, if any, conflict.

Acceptance of the provisions of Ordinance No. 10 has not estopped the Water Company to rely upon the statutory grant. The statute does not give an exclusive right. It provides that the laying of pipes may be regulated by the City and that the terms upon which water is supplied may be agreed upon. The law of 1884 gave the City power to enter into a contract for the furnishing to it of water. All of these things were covered by the ordinance. The City in order to induce the company to give it an adequate water supply contracted that for a period of 25 years it would not enter into competition with the company,—an agreement it did not keep as is pointed out in the bill. The ordinance further provided regulations as to laying pipes and a schedule of rates for both city and private consumers. There is thus no inconsistency in accepting the added benefits and privileges of this ordinance and in retaining the unlimited franchise upon which the company could rely and under which it could operate

after the period of 25 years had expired and it was no longer entitled to the beneficial provisions of the ordinance. *Northwestern Telephone Co.* v. *Minneapolis,* 81 Minn. 140; *Abbott* v. *Duluth,* 104 Fed. 833; *Wichita* v. *Old Colony Trust Co.,* 132 Fed. 641.

A trustee for bondholders not only has the power but it is its duty to invoke the aid of a court of equity to protect the trust estate whenever the necessity arises.

Ordinance No. 197 is a law impairing the obligation of the contract between the Raton Water Works Company and New Mexico, and the bill clearly presents a question over which the federal court has jurisdiction under § 10, Art. I, of the Constitution. The cancelation of the company's franchise and the destruction of its easements and valuable business rights is a taking of property without compensation and without due process of law in violation of the Fourteenth Amendment.

The bill also alleges that the City is taking the water rights, reservoirs, and other property without compensation and without due process of law. The mortgagor is not an indispensable party to the suit and a decree in another action to which the trustee was not a party is not res judicata against the trustee even though the same issues were involved. *Old Colony Trust Co.* v. *Omaha,* 230 U. S. 100, 122; *Keokuk Co.* v. *Missouri,* 152 U. S. 313; *Louisville Trust Co.* v. *Cincinnati,* 76 Fed. 296.

The bill is not multifarious.

*Mr. John H. Fry* for appellees.

Mr. Justice McKenna delivered the opinion of the court.

The Water Works Company is a corporation of New Mexico and was incorporated to furnish the City of Raton with water. Its system is constituted of pipes, mains, conduits, sources of water, reservoir sites, and reservoirs.

(These accessories are to be understood when we use the word " system.")

The Bankers Trust Company, alleging itself to be the successor of the original trustee in a deed of trust or mortgage executed by the Water Works Company to secure an issue of bonds, brings this suit, (1) to enjoin the City from enforcing an ordinance requiring the removal of the Water Works Company's system from the City, (2) to enjoin the disturbance of the system and to protect the enjoyment of the Water Works Company of its water rights, (3) that the City be required to pay the Trust Company such sum as will compensate the bondholders for the loss and injury to the trust property through the impairment and breach of the contract through which, it is alleged, the City gave exclusive rights to the Water Company to furnish water to the City.

To justify the relief prayed and to establish the jurisdiction of the District Court (and we may say of the appeal to this court) the Trust Company alleged that the value of the matter in controversy exceeds $3,000, and involves the Constitution of the United States because the acts of the City produced the results from which relief is prayed by violating the contract the City entered into with the Water Works Company, and will deprive the Trust Company of its property without due process of law in violation of the Fourteenth Amendment to the Constitution of the United States. The bill is very long and replete with repetitions but, as it constitutes the case, we give a summary of it as follows:

The Town of Raton (it was then a town) having no water supply the Raton Water Company was incorporated and constructed a system to furnish water to the town.

The town grew and its officials and citizens induced the incorporation of the Raton Water Works Company and selected its present source of the supply of water. The Company then began and completed its water system

and subsequently purchased the property and rights of the Raton Water Company.

On or about July 20, 1891, the Water Works Company and the City entered into a contract evidenced by an ordinance by which the Company agreed to furnish water to the City for a period of 25 years and the City agreed that it would not operate or maintain water works in or near the town for the same period from July 25, 1891, and also agreed to pay a rental for fire hydrants for the same time at a rate fixed in the ordinance.

The ordinance was known as Ordinance No. 10. It was ratified by a vote of the citizens of the town and accepted by the Company.

The Company constructed a system in accordance with the contract and the act of its incorporation, and has performed its terms and conditions. And it has become the owner of valuable and extensive water rights, reservoirs, and reservoir sites.

On February 1, 1905, the Water Works Company executed and delivered to the Manhattan Trust Company of New York a deed of trust conveying all of its property, rights, privileges and franchises to secure an issue of bonds to the amount of $300,000. "The Bankers Trust Company . . . has duly succeeded to all the rights, duties and obligations of the Manhattan Trust Company under and by virtue of the provisions of said deed of trust and now is the duly qualified and acting trustee under said mortgage or deed of trust." The bonds are outstanding in the hands of holders in due course and for value, and none have been paid or otherwise cancelled or satisfied.

The City in 1912 began steps with intention to impair the contract between it and the Water Works Company and, after an election authorizing an issue of bonds for the purpose of constructing a water works system, proceeded, in accordance with an ordinance passed July 16, 1913, to the construction of a water works system and erected fire

hydrants, prior to the expiration of the Company's exclusive contract, which caused the revenues and income from the latter to be impaired and reduced to the extent of over $30,000.

The City ordered the Company to remove its system, and on August 6, 1915, by an ordinance, repealed Ordinance No. 10 and revoked all the rights conferred by it and ordered the Company to immediately remove its system, and the Mayor, Clerk, and City Attorney were directed to enforce the ordinance, which took effect five days after its passage and repealed all other ordinances. The ordinance was known as Ordinance No. 197.

The only source of supply for the City's system is that of the Water Works Company, and the City has taken possession of a portion of the reservoirs of the Company, and such taking is a deprivation of the property of the Company without due process of law.

Other deprivations are alleged, and that the City has occupied with some of its works the lands of the Company more than two miles from the exterior boundaries of the City.

The only source of income to the Company is the system and lands thus taken.

At the time of filing the original bill there were pending two actions between the Water Works Company and the City, one of which was in the United States court and the other in the state court—in each of which there were matters pertinent and material to the cause of the complainant in this action. By stipulation, this case was delayed to await the final determination of those actions and the bill here has been amended to present the issues as they may have been changed or affected by those decisions and the lapse of time and events since filing the original bill.

The City moved to dismiss the bill on the ground, among others, (the others will be considered later), that

it did not state facts sufficient to constitute a valid cause of action in equity. The motion was granted. This appeal attacks that action. The grounds of the attack seem to have for their principal basis the Act of New Mexico passed February 24, 1887, § 24 of which authorized the incorporation of water companies to supply water to towns and cities, with the power to lay mains or pipes in, along, and upon the public streets or alleys of the town or city, subject to such regulations as may be provided by the corporate authorities of the city or town, and to furnish and supply such city or town or the inhabitants thereof with water, upon such terms and conditions as may be fixed by such corporations or as may be agreed to by the consumers and such corporations.

It is contended that the act gave a franchise unlimited in duration, subject, however, to regulation by the town or city.

And it is further contended, in opposition to a contention of the City, that a prior act (April 1, 1884) which gave a city the power to erect water works if authorized by a majority of the voters of the city, or the right to grant private individuals such power for a term not exceeding 25 years, was repealed by the Act of February 24, 1887.

The contentions of the parties are, therefore, in sharp contrast. Appellant contends that the Water Company had a perpetual right in the City, not subject to interference by the City,[1] and, though not exclusive, by the contract with the City evidenced by Ordinance No. 10 it was preserved from competition by the City, and that the Act of 1887 and the ordinance constituted a contract

---

[1] *Wichita* v. *Old Colony Trust Co.*, 132 Fed. 641; *Michigan Telephone Co.* v. *Benton Harbor*, 121 Mich. 512; *Wisconsin Telephone Co.* v. *Oshkosh*, 62 Wis. 32; *Northwestern Telephone Exchange Co.* v. *Minneapolis*, 81 Minn. 140; *New Castle* v. *Lake Erie & Western R. R. Co.*, 155 Ind. 18.

with the State that was inviolable under the Constitution of the United States, and, therefore, invulnerable to Ordinance No. 197 repealing Ordinance No. 10 and ordering the Company from the City.

The opposing contention of the City is that there is no inharmony between the Act of 1884 and the Act of 1887, that they have coördinate purpose—the Act of 1887 giving a company incorporated under it the capacity to receive a grant from a city with power of regulation by the city. It is further contended the Water Company recognized this and applied to the City for a grant, and that, in response to the application, the City enacted Ordinance No. 10, and exercised the power of regulation conferred by the Act of 1887 by fixing the duration of the grant at twenty-five years from July 25, 1891. It was accepted by the Company with that limitation and, it is the contention, by the application and acceptance it is estopped to deny that its right to furnish water to the City was derived from the contract with the City.

We are not called upon to review in detail the contentions and consider their various elements. We concur in the view of the City that the Water Works Company is estopped by its contract with the City, evidenced by Ordinance No. 10 (which we may remark was ratified by a vote of the citizens of the City), and we construe it as the City construes it. From what act the power to enact it was derived we need not pronounce. We may say, however, that the Supreme Court of the State in *Raton Waterworks Co.* v. *City of Raton*, 22 N. Mex. 464, said the franchise of the Company was granted by an ordinance of the City, and certainly the bill in this case shows that its term was fixed at twenty-five years from July 25, 1891. The term, therefore, had expired when the amended bill was filed. The term of the rights having expired, necessarily the rights granted expired, and the City cannot be enjoined from requiring the removal of the Company's

system from the streets of the City. Whatever rights of property appellant may have in its reservoirs and in the land upon which they are located may be the subject of other actions if the City asserts rights to them that have not been adjudicated. Some of them, it may be all of them, have been adjudicated.

One of the suits referred to in our summary of the bill as pending when the original bill was filed (October 27, 1915), was brought by the Water Works Company against the City in the District Court from which this appeal is taken. From the opinion of the court, annexed to the City's brief, about the same questions here presented were there presented, and it was decided that the repeal of Ordinance No. 10 was justified because of the failure of the Water Works Company to furnish pure and whole-some water. And it was decided that the ordinance gave the City the power of revocation and the power was legally exercised by the enactment of Ordinance No. 197 and it should not be enjoined.

The relief prayed by the Company on account of the occupation of its reservoir sites by the City was denied because of a condemnation suit in a state court which was proceeding, it was said, in due course. And we may observe that in *City of Raton* v. *Raton Ice Co.*, 191 Pac. 516, it is decided that the City has power of eminent domain and can exercise it more than two miles from the city limits. The case passed on the condemnation of one of the reservoir sites mentioned in the bill in this case. The decision seems to be a refutation of some of the contentions of appellant.

The judgment of the District Court was appealed to the Circuit Court of Appeals and dismissed on stipulation. 232 Fed. 1020.

We do not refer to the case as binding upon appellant here but to present clearly that the principal question presented by the present bill is the right of the Trust

Company under a prior trust deed covering the rights of the Water Company to occupy the streets of the City notwithstanding the expiration of the time given to the Company by Ordinance No. 10. The time having expired, the conduct of the City prior to its expiration is not important to consider.

The other grounds of dismissal were: (1) There was misjoinder of parties defendant in that the Water Works Company, the owner of the system, should have been joined with the Trust Company as complainant, and that there was no allegation that it refused to join as complainant. (2) There was a misjoinder of parties defendant in that the Water Works Company is made defendant when it should have been made complainant. (3) There was a misjoinder of causes of action in that the bill set forth at least three independent causes of action: (a) action for damages, (b) action to enjoin the enforcement of Ordinance No. 197, (c) trespass by the City upon certain real property of the Water Works Company. As to the latter grounds, that is, the union of independent causes of action, it is not very substantial. They are but the specifications of the elements of the right of suit, that is, the equity that appellant has. In other words, they are the enumeration of the elements of the asserted aggression upon the Company and in emphasis of it. The other grounds of the motion to dismiss are untenable. *Old Colony Trust Co.* v. *Omaha,* 230 U. S. 100.

*Decree affirmed.*